# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARY M. EDWARDS, individually and as Administrator of the Estate of BILLY EDWARDS, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>NEPHROPLEX SERVICE CORP., Individually and d/b/a NEPHROPLEX DIALYSIS OF MARION, DAVITA, INC., individually and d/b/a NEPHROPLEX DIALYSIS OF MARION, DAVITA NEPHROLOGY MEDICAL ASSOCIATES OF ILLINOIS, P.C., Individually and d/b/a NEPHROPLEX DIALYSIS OF MARION, and NEPHROPLEX DIALYSIS OF MARION,<br><br>Defendants. | Case No. 08-cv-0903-MJR |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On November 17, 2008, Plaintiff filed the above-captioned action in the Circuit Court of the First Judicial Circuit of Illinois, Williamson County (Doc. 2-2, Exh. A). The complaint alleges that on November 16, 2006, Billy Edwards slipped and fell on a wet floor at 324 South 4th Street, Marion, Illinois, a DaVita dialysis center, which caused injuries and ultimately led to his death. The complaint includes two causes of action: negligence and wrongful death. On December 22, 2008, Defendants removed the case to federal court (Doc. 2). In the Defendants' notice of removal, they claim that subject matter jurisdiction lies in this action pursuant to the federal diversity statute, 28 U.S.C. § 1332, even though the Plaintiff and three of the Defendants appear to be Illinois

citizens. According to the Defendants, however, all non-diverse Defendants have been fraudulently joined. Plaintiff, on the other hand, has neither filed a motion to remand, nor has she submitted any response to the allegations of fraudulent joinder.

As a result, the Court now conducts threshold review in order to determine whether subject matter jurisdiction exists. *See Wisconsin Knife Works v. National Metal Crafters,* **781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.")**. Having reviewed the jurisdictional allegations, the Court concludes that the non-diverse Defendants were fraudulently joined, dismisses these Defendants, and finds that federal subject matter jurisdiction does lie in this action.

**28 U.S.C. § 1441** provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The party seeking removal bears the burden of establishing that all requirements for federal jurisdiction are satisfied. ***Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005)**.

Here, the removal is based on diversity jurisdiction, which requires that no plaintiff may be a citizen of the same state as any defendant, and that the amount in controversy exceeds $75,000, exclusive of costs and interest. **28 U.S.C. § 1332(a)(1).** Here, Defendants have carried their burden with respect to the amount in controversy, but three of the Defendants—Nephroplex Service Corp., DaVita Nephrology Medical Associates of Illinois, P.C., and Nephroplex Dialysis of Marion—appear to be citizens of Illinois, which also happens to be Plaintiff's state of citizenship.

However, even where diversity of citizenship is not complete, this District Court may disregard the non-diverse defendant's citizenship if it finds that they have been fraudulently joined. Indeed, **FEDERAL RULE OF CIVIL PROCEDURE 21** permits the Court to dismiss fraudulently joined parties. The Seventh Circuit has explained that "[i]n order to sustain a claim of fraudulent joinder, '[t]he movant must show that there is no possibility that plaintiff could establish a cause of action against the resident defendant in state court.'" ***Faucett v. Ingersoll-Rand Min. & Machinery Co.*, 960 F.3d 653, 654–55 (7th Cir. 1992) (quoting *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l Inc.*, 842 F.2d 946, 950 (7th Cir. 1988)).**

Here, Defendants claim that the three non-diverse Defendants cannot possibly be liable for the conduct alleged in this action because none of them were in possession or control of the dialysis center where Billy Edwards fell. Under Illinois law, it is well-established that

> [t]he party in control and possession of the premises is liable for the negligent maintenance of property. The duty toward a third party arises out of possession and control and can be attributed only to the persons who have possession and control.

***Guerino v. Depot Place P'ship*, 652 N.E.2d 410, 413 (Ill. App. Ct. 1995) (citing *Conway v. Epstein*, 200 N.E.2d 16, 18 (Ill. App. Ct. 1964)).**

Defendants present an uncontradicted affidavit from Ellie Suhl, Regional Operations Director for DaVita, Inc. in Star Catchers Region 4 (Doc. 2-4, Exh. C). Suhl states that this region includes the Marion, Illinois facility at issue in this case. According to Suhl, the Marion facility is owned by Renal Life Link, Inc., which is not currently a defendant in this action. However, Defendant DaVita, Inc. is the parent corporation of Renal Life. Suhl further states that Defendants Nephroplex Service Corp. and Nephroplex Dialysis of Marion

> are not related, whatsoever, to DaVita, Inc., and/or Renal Life Link,

> Inc. As of the date of the incident, and now, they had absolutely nothing to do with the day to day operations of the dialysis center located at 324 South 4th Street in Marion, Illinois. These Nephroplex entities have not possessed, controlled, or operated in any way, the day-to-day dialysis operations carried out there, since January of 2006. (Doc. 2-4, Exh. C, ¶ 6).

Additionally, Suhl states that Defendant DaVita Nephrology Medical Associates of Illinois, P.C.

> is a wholly owned subsidiary of DaVita, Inc.; however, it has no connection whatsoever to Renal Life Link, Inc. d/b/a Marion Dialysis, where the alleged incident occurred. It neither possessed, owned, nor operated in any way, this facility, at any time. It had nothing to do with its day-to-day operations. (Doc. 2-4, Exh. C, ¶ 8).

The Plaintiff has made no attempt to rebut Suhl's affidavit or otherwise show that any of the non-diverse Defendants did in fact control or possess the dialysis facility in question. Because the affidavit is uncontradicted, the Court finds that Defendants have carried their burden of showing that these Defendants—Nephroplex Service Corp., DaVita Nephrology Medical Associates of Illinois, P.C., and Nephroplex Dialysis of Marion—were fraudulently joined. Accordingly, the claims against these entities must be dismissed.

That leaves DaVita, Inc. as the only remaining Defendant. DaVita, Inc. is a citizen of Delaware, its state of incorporation, and California, its principal place of business.[1] Plaintiff is a citizen of Illinois. Thus, the remaining parties are completely diverse, and subject matter jurisdiction lies in this action pursuant to § 1332.

Consequently, the Court hereby **DISMISSES** Defendants Nephroplex Service Corp., DaVita Nephrology Medical Associates of Illinois, P.C., and Nephroplex Dialysis of Marion, as they

---

[1] Defendants' notice of removal and Suhl's affidavit indicate that Renal Life Link, Inc. may in fact be the only proper potential defendant, though it is not currently a party to this action. The Court notes that, like DaVita, Renal Life is a citizen of Delaware and California.

-4-

were fraudulently joined. The only remaining defendant in this action is DaVita, Inc. Having dismissed these defendants, the Court finds that it has federal diversity jurisdiction over this action.

**IT IS SO ORDERED.**

**DATED this 2d day of February 2009.**

<u>**s/ Michael J. Regan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**